CALDON, Respondent, vs. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, Appellant.

*May 24 — June 21, 1893.*

*Railroads: Fences: Injury to live stock.*

Under sec. 1810, S. & B. Ann. Stats., a railroad company is bound to provide suitable guards or means to prevent domestic animals going upon its track through the openings in its fence made by the crossing of a private logging railroad. Except adjacent to depot grounds, a railroad company cannot in any case leave openings in its fences without providing gates, bars, or cattle guards.

APPEAL from the Circuit Court for *Washburn* County.

At a certain point in Washburn county the railroad track of the defendant railway company is crossed by a private logging railroad known as the "Crescent Springs Railroad," which is constructed entirely upon the land of the Shell Lake Lumber Company, and is owned and operated exclusively by that company, by steam power, for its own benefit in carrying on its lumbering business. Such logging railroad is not fenced. The track of defendant's railroad is properly fenced and guarded, with the exception (if it be an exception) that the openings in the fences through which such logging railroad is laid at the crossing are not guarded by gates, bars, or cattle guards to prevent domestic animals from going through them upon such track. Plaintiff's horses went through one of those openings upon defendant's railroad track, and were run against by a passing train and injured. This action is to recover damages for such injuries.

It was stipulated by the parties, on the trial, that the only question of negligence in the case is whether the railway company is bound to fence at the crossing of its track by the logging road of the lumber company. The circuit court held that it was bound by law to guard the openings

at such crossing in some way to prevent domestic animals from going through them upon the railroad track, and having failed to do so it was liable to the plaintiff for the injuries to his horses. The court further found that the statute requires the lumber company also to guard the crossing, and that at his election the plaintiff might have held that company for his damages. There is no question of the amount of damages or of contributory negligence. The stipulation disposes of the latter question. The plaintiff recovered judgment for the damages claimed and proved, and the railway company appeals therefrom.

For the appellant there was a brief by *S. L. Perrin* and *L. J. Rusk*, and oral argument by *Mr. Rusk.* They contended, *inter alia*, that when the defendant had fenced its line of railroad up to the crossing of the logging railroad and had left an opening for the use and enjoyment of that railroad, it had complied with all the requirements of the statute. Plaintiff's animals went upon the track of the logging railroad by reason of the failure to fence that railroad, and passed from there upon defendant's track through the "opening" which the statute required defendant to leave for the adjoining landowners.

*L. H. Mead,* for the respondent.

LYON, C. J. The determination of the case on this appeal depends upon the construction given to that portion of sec. 1810, R. S., as amended by ch. 193, Laws of 1881, which reads as follows: "Every railroad corporation operating any railroad shall erect and maintain on both sides of any portion of its road (depot grounds excepted) good and sufficient fences of the height of four and a half feet, with openings or gates or bars therein, and suitable and convenient farm crossings of the road for the use of the occupants of the lands adjoining, and shall construct and maintain cattle guards at all highway crossings, and connect their

fences therewith, to prevent cattle and other domestic animals from going on such railroad." S. & B. Ann. Stats. sec. 1810.

The object of the statute is to keep domestic animals off railroad tracks, and thus avoid collisions of trains with such animals, which, when they occur, are frequently most disastrous to property and to the lives and limbs of persons on the colliding trains. The means chosen by the legislature to prevent such disasters is to require each railway company to fence both sides of its track through the entire length thereof, with the exception that it is not required to fence or otherwise guard its depot grounds, and with the qualifications that at highway crossings (where, of course, fences are impracticable) cattle guards should be constructed and the fences along the track joined therewith; and that, at all other necessary crossings for the use of occupants of lands through which the track is laid, the openings for such crossings shall be properly guarded by gates or bars therein to prevent domestic animals from passing through such openings onto the railroad track. This is the plain meaning of sec. 1810, although there is some inaccuracy or want of precision in the language employed therein. There is no qualification or exception in the section, or in any statute, which relieves the railway company from the duty of providing suitable guards or means to prevent domestic animals going upon the track of its railroad through the openings in its track fences made by the crossing of the logging road.

It is probable that the crossing in question is included in the term "farm crossing," as used in the statute, for the logging road is for the use of the owner and occupant of the adjoining land. A strict construction of the statute might require gates or bars to be placed in the openings made by the logging road; but because gates or bars would seriously interfere with the reasonable use of such road, and

because, for the same reason, cattle guards are allowed to be used at highway crossings instead of gates or bars, we think the statute should be construed to permit the use of cattle guards at the crossing in question.

We cannot accept as sound the contention of counsel for the railway company that in any case a railway company may leave openings in its track fences (except adjacent to depot grounds, where such precautions are impracticable) without providing gates, bars, or cattle guards to prevent domestic animals from going upon the railroad track through such openings. We do not determine whether or not the lumber company is also liable for plaintiff's damages, for we regard that question as immaterial in the present case.

*By the Court.*— The judgment of the circuit court is affirmed.